## Lawn-A-Mat Chemical and Equipment Corporation v. Sandler

*C. Norwood Wherry,* for plaintiff.

*John A. Prodoehl,* for defendant.

DeFURIA, J., October 27, 1971.—There are for disposition defendant's preliminary objections to plaintiff's motion to confirm an arbitration award.

Plaintiff is a New York corporation with its principal offices in that State. Defendant is an individual resident

of this county. The records in this court did not contain the contract or any part of the arbitration record other than the arbitrator's award. After the preliminary objections were filed, plaintiff filed a modification to the award, which modification was rendered under section 7509 of the Civil Practice Law and Rules of the State of New York, and requested that the award, as modified, be confirmed.

The arbitration proceedings were conducted in New York. The award and its modification were rendered in New York.

While defendant filed a number of preliminary objections, he presses only the challenge to the jurisdiction of this court. He raised, as an additional issue, the propriety of plaintiff's motion to confirm the award while knowing there was pending in New York an effort to modify the award.

The latter complaint is more properly a matter of defense to the motion to confirm and is, therefore, premature.

The challenge to this court's jurisdiction is proper, however. The preliminary objections must be sustained.

The New York Arbitration law is found in article 75 of the New York Civil Practice Law and Rules, while the Pennsylvania Arbitration laws are found in Title 5 of Purdon's Pennsylvania Statutes. These laws are dissimilar.

Whether a Pennsylvania court can confirm an arbitration award, where all the proceedings have been conducted elsewhere, has apparently not been decided by our courts before.

It was held in Monte v. Southern Delaware County Authority, 212 F. Supp. 604 (1963), that a motion to confirm an arbitration award could be removed to the

Federal court where all other jurisdictional requirements are met.

The question has been considered elsewhere. In Landerton v. Public Service Heat and Light Company, 118 N.Y.S. 2d 84 (1952), the propriety of a motion to confirm an award presented to a court of the State of New York was challenged where it appeared the arbitration was commenced in the State of Connecticut. In refusing to confirm the award, the court said:

". . . the arbitration proceeding was from its inception to its conclusion held subject to the laws of Connecticut and the resulting award should be subject of enforcement or rejection by the courts of that state."

Further proceedings to alter the instant award could be instituted or appeals might be perfected. To have these proceedings occur in any jurisdiction other than New York would be improper.

We, therefore, make the following

### ORDER

And now, October 27, 1971, the plaintiff's motion to confirm the arbitration award is refused and denied, and defendant's preliminary objections are sustained.